UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD C. HILL,

    Plaintiff,

v.                                         Case No.:  2:22-cv-39-SPC-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation ("R&R"). (Doc. 25). Judge Mizell recommends affirming the decision of the Commissioner of the Social Security Administration to deny Plaintiff Ronald Hill disability insurance benefits. Plaintiff objects to the R&R. The Government has not responded, and the time to do so has ended. So the R&R is ready for review.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

72(b)(3). When objections are made, the district court engages in a de novo review of the issues raised.

After an independent review, the Court overrules Plaintiff's objections and adopts the R&R in full. The objections largely rehash Plaintiff's past arguments hoping the undersigned will disagree with Judge Mizell's analysis. *See, e.g.*, Cole v. Comm'r of Soc. Sec'y, No. 2:20-cv-524-SPC-NPM, 2021 WL 5866968, at *1 (M.D. Fla. Dec. 10, 2021) (summarily rejecting mere re-argument objections). Although the undersigned agrees with the well-reasoned R&R, it offers this added analysis.

To start, Plaintiff argues the ALJ did not properly assess the transferability of his skills as a corrections officer to a security guard. (Doc. 26 at 1-6). This objection is twofold. Plaintiff first asserts the R&R misstates parts of the vocational expert's ("VE") testimony. (Doc. 26 at 2). One so-called misstatement surrounds the word "easily." In summarizing why the ALJ did not apply the older-age category, the R&R says the ALJ "relied on vocational-expert testimony that Hill's skills from his past relevant work as a corrections officer are *easily* transferred to a security-guard job." (Doc. 25 at 12 (emphasis added)). Although Plaintiff admits the VE said his skills would transfer, he maintains the VE never said the skills would easily transfer. This argument is a nonstarter.

Under 20 C.F.R. § 404.1568(d)(4)—which the R&R directly quotes—skills are transferrable to skilled or semi-skilled light work "only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." The record provides substantial evidence that there's no difference in the tools each job uses, the skills and services for each job largely overlap, and the DOT groups both jobs in the same occupation category. So the R&R fairly summarized the VE's testimony, and the Court overrules Plaintiff's nitpicky objection.

Another alleged misstatement of the VE's testimony by the R&R centers on the word "minimal." (Doc. 26 at 3). The R&R reads, "the vocational expert specified any adjustment period would be *minimal*, equating to no more than what any other job would require." (Doc. 25 at 14). According to Plaintiff, the vocational expert "did not characterize the adjustments as minimal or state that they equated to no more than what any other job would require." (Doc. 26 at 3). Not so. Plaintiff cherry-picks the VE's testimony, and a full read of the record shows the R&R is not misleading. Right after the VE listed all the overlapping skills between a corrections officer and security guard, the following question-and-answer exchange occurred:

> Q   Would there be any additional skills that would be required of the Claimant in order to perform the job

3

> of a security guard that he did not already have as a corrections office.
>
> A    Your Honor, any job has adjusting, so there will be some adjustments needed, but that hypothetical individual would have the skills to be able to that job, in my opinion.

(Doc. 12-3 at 31). Plaintiff's objection is more a misrepresentation, and not the R&R's summary of the vocational expert's testimony. The Court thus overrules Plaintiff's objection.

Next up: Plaintiff maintains the ALJ misapplied the borderline age rules. (Doc. 26 at 3-6). As support, Plaintiff relies on the Program Operations Manual System ("POMS") and repeats (almost verbatim) the same argument raised to Judge Mizell hoping the undersigned sees the matter differently. (Doc. 24 at 12-15). Even after independent review of the argument and applicable law, the Court too finds substantial evidence supports the ALJ's finding that Plaintiff's skills are transferrable. The POMS is persuasive and has no force of law. *See Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003). Thus, even if the ALJ's analysis violated the POMS guidelines, Plaintiff would not be entitled to different relief. Despite this clear point, Plaintiff continues to argue "the POMS is phrased as a directive." (Doc. 26 at 4). But, as the R&R aptly explains, Plaintiff's quoted language is taken from an example in the POMS intended to show a situation in which a hypothetical claimant's limitation can be—but does not have to be—considered for

4

borderline age without double weighing them. So the Court overrules Plaintiff's objection on the borderline age rules.

For Plaintiff's next objection, he argues substantial evidence does not support the ALJ's finding that the security guard position is consistent with his residual functional capacity ("RFC"). (Doc. 26 at 6-8). The objection seems to focus on the ALJ's conclusion that a security guard position involves, at most, occasional exposure to mild levels of pulmonary irritants and lifting twenty pounds. But Plaintiff fails to develop any cognizable basis for the objection. For example, he cites to Merriam-Webster and thesaurus.com to say that "mild" is an antonym of "harsh." (Doc. 26 at 7). In the next sentence, he states "occasional exposure to no more than mild levels equates to occasional exposure to no more than very little levels." But Plaintiff's logic has missing gaps, and it isn't the Court's job to piece together the absent pieces. The objection is thus overruled.

Plaintiff's last objection is that substantial evidence does not support the ALJ's finding that security guard jobs exist in significant numbers in the national economy. (Doc. 26 at 8-11). The ALJ made this finding based on the VE's testimony. The DOT states about 260,000 security guard jobs exist in the national economy. The VE reduced the number to reflect Plaintiff's limitation on being exposed to extreme cold, which the DOT does not deal with. From

5

there, he opined the number of jobs likely falls somewhere between 175,000 and 210,000.

Plaintiff objects to the reduction, arguing the VE had no methodology or sound explanation for reducing the number. The Social Security regulations, however, "do not require a [vocational expert to] produce detailed reports or statistics in support of her testimony." *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012) (rejecting the claimant's argument that the vocational expert did not explain adequately how she reduced the number of positions to account for his functional limitation). The record shows the vocational expert had a reasoned basis for the figures he arrived at based on his/him

- forty years' experience in the vocational rehabilitation field
- nearly ten years' experience as a vocational expert
- education (master's degree) in rehabilitation counseling
- consulting five other vocational experts
- researching Internet job posts
- reviewing other sources like the Occupational Requirements Survey, SkillTran, Job Browser Pro, and other information from the Bureau of Labor Statistics

Given this information, the VE did not opine on the number of jobs arbitrarily. The Court thus overrules Plaintiff's objection. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1155 (2019) (explaining a vocational expert's number-of-jobs

6

testimony "may count as substantial evidence even when unaccompanied by supporting data" when he has "top-of-the-line credentials, including professional qualifications and many years' experience"); *Baltierra v. Chater*, 70 F.3d 1268, 1995 WL 696740, at *4 (5th Cir. 1995) (explaining a formula is not necessarily required for the vocational expert to decide the number-of-jobs information).

In conclusion, the Court overrules the objections and accepts the R&R.

Accordingly, it is **ORDERED:**

1. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation ("R&R") is **ACCEPTED and ADOPTED**, and the findings are incorporated herein.

2. Plaintiff Ronald Hill's Objections (Doc. 26) are **OVERRULED**.

3. The decision of the Commissioner of Social Security Administration is **AFFIRMED** per sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor, terminated all deadlines, and close the case.

**DONE** and **ENTERED** in Fort Myers, Florida on March 31, 2023.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record